**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| MICROSOFT CORPORATION a Washington corporation<br><br>Plaintiff,<br><br>v.<br><br>ION TECHNOLOGIES CORP., a Minnesota corporation, and PAUL MARTIN, an individual,<br><br>Defendant. | Civil Action No. 01-1769 (JNE/JGL)<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT** |

## INTRODUCTION

Plaintiff Microsoft Corporation ("Microsoft" or "Plaintiff") and defendants Ion Technologies Corp. ("Ion") and Paul Martin (collectively "Defendants") settled this action for software piracy in open court over a month ago. Consistent with local custom and practice, the Court then entered the settlement on the docket and dismissed the action with prejudice. Defendants now refuse to sign the Settlement Agreement and related documents memorializing the terms and are trying to walk away from the settlement. Accordingly, Plaintiff moves the Court for an order enforcing the terms of the parties' settlement agreement and entering final judgment in this action.

## BACKGROUND

On October 22, 2004, a week before a jury trial was scheduled to begin on the issues of Defendants' willfulness and the amount of statutory damages owed to Plaintiff,[1] the parties

[1] On May 30, 2003, the Court granted partial summary judgment in favor of Plaintiff, finding both Defendants liable for serial copyright infringement of 10 Microsoft copyrights, trademark infringement of 11 Microsoft trademarks, false designation of origin, committing deceptive trade

agreed to settle this dispute during a three-hour Settlement Conference held before Chief Magistrate Judge Jonathan Lebedoff. Declaration of Kevin Hickey [Defendants' attorney of record] In Support of Motion To Withdraw As Counsel, ¶ 2; Declaration of Felicia J. Boyd ("Boyd Dec."), ¶ 3. The Settlement Conference was the second settlement conference held before Judge Lebedoff in the case.[2] In attendance were counsel for both parties, Heather Logan on behalf of Microsoft, and Paul Martin who, as Ion's President and Chief Executive Officer, had authority to settle the litigation on behalf of both himself and Ion.

After extended discussions, the parties agreed to settle the case. The key terms included: (1) entry of a permanent injunction[3] against Defendants that includes, among other provisions, a provision enjoining and restraining Defendants from distributing, offering for distribution, selling, or offering for sale any stand-alone Certificates of Authenticity or End User License Agreements for Microsoft software; (2) an admission by Defendants that they had *willfully* infringed Microsoft's copyrights and trademarks; (3) a payment by Defendants to Microsoft in the amount of $300,000, with an initial payment of $30,000 and subsequent monthly payments of $5,000 to continue for fifty-four months; and (4) an agreement by Microsoft to dismiss this action. Boyd Dec., ¶ 3.

At Judge Lebedoff's request, the terms of the parties' agreement were recited for the Court. This recitation included all of the above terms, including specific reference to the

---

practices under Minnesota law, and unfair competition, all through their sale of counterfeit Microsoft software since at least 2000.

[2] The first conference was held on November 13, 2003, and the case almost settled for $300,000 payable to Microsoft and a stipulated permanent injunction in a form that was circulated between the parties. The discussion fell apart, however, when Defendants refused to agree to a provision in the injunction that would prohibit them from selling stand-alone Microsoft licenses. Boyd Dec., ¶ 2.

previously circulated stipulated permanent injunction. That same day, Judge Lebedoff made a minute entry of the settlement on the docket. The Court subsequently entered an Order for Dismissal on October 29, 2004.[4]

Shortly after the Settlement Conference and as agreed by the parties, Microsoft memorialized the terms of the settlement in a draft Settlement Agreement and Release and a draft Stipulated Permanent Injunction, which were delivered to Defendants on October 26, 2004 Boyd Dec., ¶ 4. Since then and despite many follow-up requests, Defendants inexplicably have refused to review the papers, have failed to endorse the settlement documents, and have failed to fulfill any of their obligations under the settlement agreement (*e.g.*, payment to Plaintiff and compliance with the terms of the agreed-upon injunction). *Id*. Plaintiff's many efforts to reach Defendants have been unsuccessful. Boyd Dec., ¶ 5.

Defendants clearly are trying to walk away from the settlement forged by Judge Lebedoff and agreed to by the parties. Moreover, it now appears that Defendants have broken off contact with their attorney of record, who filed a motion to withdraw as counsel of record for Defendants on November 16, 2004.[5] Hence this motion to enforce is brought for expeditious entry of judgment.

---

[3] The draft injunction had been provided to Ion's counsel prior to the settlement conference. At the settlement conference, it was understood that the terms of the permanent injunction that were being agreed to were the very terms in this previously circulated draft.

[4] The Order for Dismissal dismissed the case with prejudice. The Court also reserved jurisdiction for 45 days, e.g., to permit any party to move to reopen the action or to submit a stipulated form of final settlement. The instant motion is brought within the 45 day period.

[5] In that motion, counsel indicated that his relationship with Defendants has been "effectively terminated," indicating that, among other things, he is unable to obtain authority to act on behalf of Defendants and Defendants have declined to follow his advice or recommendations. Counsel also acknowledged that a settlement had been reached by the parties. Boyd Dec., Ex. C.

**DISCUSSION**

"A district court has the inherent power to summarily enforce a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous." *Gatz v. Southwest Bank of Omaha*, 836 F.2d 1089, 1095 (8th Cir. 1988). The enforceability of a settlement agreement in Minnesota is governed by Minnesota law. *See Transclean Corp. v. Motorvac Techs., Inc., 2002 U.S. Dist. LEXIS 19312, 2002 WL 31185886* at **11-12 (D. Minn. Sept. 30, 2002)(citing cases); *Goddard, Inc. v. Henry's Foods, Inc.*, 291 F. Supp. 2d 1021, 1028 n. 3 (D. Minn. 2003).

Under Minnesota law, "to constitute a full and enforceable settlement agreement, all the essential terms must be agreed upon. . . . Material terms are those terms that the settlement hinges upon. . . . Leaving 'insubstantial matters for later negotiation' will not defeat a settlement when all of the material terms were agreed upon." *Transclean*, 2002 U.S. Dist. LEXIS 19312 at *25 (citations omitted). A settlement agreement is binding when the parties have agreed on such "material terms." *Worthy v. McKesson Corp.*, 756 F.2d 1370, 1373 (8th Cir. 1985). Where the parties have so agreed, "the fact that the parties left insubstantial matters for later negotiation or that certain ministerial tasks remain to be performed in order to implement the settlement, 'does not vitiate the validity of the agreement reached.'" *Trnka v. Elanco Prods. Co.*, 709 F.2d 1223, 1226 n.2 (8th Cir. 1983)(applying Minnesota law). An agreement is enforceable whether or not the material terms have been reduced to writing. *See Transclean*, 2002 U.S. Dist. LEXIS 19312 at *29; *see also Austin Farm Ctr., Inc. v. Austin Grain Co.*, 418 N.W.2d 181, 184 (Minn. Ct. App. 1988)(a settlement agreement is not required to be in writing to bind the parties); *Theis v. Theis*, 135 N.W.2d 740, 745 (Minn. 1965)(no requirement for a writing unless the agreement falls within the Statute of Frauds).

At the recent Settlement Conference, Plaintiff and Defendants, both represented by executives with the full power and authority to bind them to any agreement, clearly agreed to all the material terms of the settlement agreement (*e.g.*, the scope of a permanent injunction against Defendants and the amount and timing of payment to Plaintiff). The material terms were read aloud to Judge Lebedoff, and Judge Lebedoff entered the settlement on the docket. The Court then dismissed the action. At that point, all that was left to be done was the ministerial act of drafting and executing the Settlement Agreement and Release and [Proposed] Stipulated Permanent Injunction to memorialize the terms agreed upon.[6] Accordingly, the agreement reached during the Settlement Conference constitutes a full and enforceable settlement agreement.

This is a clear case of settlers' remorse. Defendants' utter failure to communicate with Plaintiff regarding the settlement documents, their failure to endorse those documents, and their failure to abide by the key terms of the agreement (e.g., payment to Microsoft and complying with the terms of the agreed-upon injunction) show not only that they are acting in bad faith but that they are trying to avoid complying with the obligations set forth in the parties' agreement. Accordingly, Plaintiff is entitled to an order immediately enforcing the terms of the settlement agreement.

## **CONCLUSION**

Defendants cannot avoid the obligations that they assumed under the parties' settlement agreement. Plaintiff therefore respectfully requests that the Court issue an order enforcing the terms of the parties' agreement and entering final judgment in this action. In addition, because Defendants may be trying even now to dump on the market their inventory of counterfeit

[6] As explained above, Plaintiff promptly prepared these documents and forwarded them to

products, Plaintiff asks that the settlement be approved and judgment entered as expeditiously as possible.

Dated: November 29, 2004

FAEGRE & BENSON LLP

s/ Felicia J. Boyd

Felicia J. Boyd, No. 186168
Kara Benson, No. 248290
Michelle Paninopoulos, No. 312411
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Phone: (612) 766-7000
Facsimile: (612) 766-1600

Roy Bartlett, *pro hac vice*
Megan McCarthy, *pro hac vice*
Covington & Burling LLP
One Front Street
San Francisco, California 94111
Phone: (415) 591-7065
Facsimile: (415) 591-6091

Attorneys for Plaintiff
Microsoft Corporation

M2:20670182.01

---

Defendants. Boyd Decl., ¶ 4.