# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is executed by and between Microsoft Corporation, a Washington Corporation ("Microsoft"), Ion Technologies Corporation, a Minnesota Corporation ("Ion"), and Paul Martin, an individual ("Martin") (Ion and Martin are referred to herein as "Defendants;" Microsoft and Defendants are referred to herein collectively as the "Parties").

## RECITALS

A. On September 26, 2001, Microsoft filed an action against Defendants in the United States District Court for the District of Minnesota entitled *Microsoft Corporation v. Ion Technologies Corporation and Paul Martin*, No. 01-1769-JNE/JGL (the "Action").

B. Microsoft alleged in the Action that Defendants had willfully infringed Microsoft's copyrights and trademarks by offering for sale and distributing counterfeit copies of Microsoft software throughout the United States, among other things.

C. On May 30, 2003, the Court granted in part Microsoft's motion for summary judgment, finding both Ion and Martin liable to Microsoft for copyright infringement, trademark infringement, false designation of origin, engaging in deceptive trade practices, and engaging in unfair competition, and ordered trial on the issues of willfulness and statutory damages.

D. Shortly before trial, at a Settlement Conference on October 22, 2004, the Parties reached a settlement of this matter. The Parties hereby memorialize the terms of this settlement in writing.

E. The Parties voluntarily enter into this Agreement and by so doing the Parties seek and intend to fully, completely, and finally resolve, terminate, and settle all disputes, claims, and actions which they assert against each other arising from the facts alleged in the Action, including those claims which were actually asserted or which could have been asserted in the Action or by counterclaim in the Action, and to preclude the possibility of further disputes between them arising out of the facts alleged in the Action.

## TERMS OF AGREEMENT

The parties agree as follows:

1. Payment to Microsoft. Defendants shall pay to Microsoft a total of Three-Hundred Thousand United States Dollars ($300,000.00) in installment payments. Defendants shall pay to Microsoft Thirty Thousand United States Dollars ($30,000.00) upon the execution of this Agreement (or no later than November 1, 2004) and Five Thousand United States Dollars ($5,000.00) per month for each of the following 54 months thereafter (payable on the first day of each month starting December 1, 2004, with a 10-day grace period). Payment shall be made by wire transfer to an account to be designated by Microsoft.

2. Non-Dischargeability/Reservation of Right to Assert Non-Dischargeability of Debt. The Parties agree that the payment obligations set forth in paragraph 1, above, are predicated upon allegations that Defendants willfully infringed Microsoft's registered trademarks and copyrights. The Parties further agree that damages based on a finding of willful infringement of registered copyrights and trademarks are non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(6), and any successor provision of the federal bankruptcy laws. Microsoft hereby expressly reserves it right to assert the non-dischargeable nature of the payment obligations set forth in paragraph 1, above, during bankruptcy proceedings, if any, involving Defendants. Defendants agree that they will not challenge or otherwise dispute Microsoft's right to assert non-dischargeability.

3. Stipulation to Permanent Injunction. Concurrently with the execution of this Agreement, Microsoft and Defendants shall execute and file a Stipulated Permanent Injunction in the form attached hereto as Exhibit A.

4. Dismissal of Action Without Prejudice. Upon receipt of the initial $30,000 payment obligation set forth in paragraph 1, above, Microsoft and Defendants shall promptly execute and file a Request for Dismissal of the complaint without prejudice pursuant to Federal Rules of Civil Procedure Rule 41(a) in the form attached hereto as Exhibit B. The Parties agree to toll the statute of limitations from the date of execution of this Agreement until the release of all claims by Microsoft as set forth in paragraph 7, below.

5. Cooperation. Defendants agree to reasonably cooperate with Microsoft in connection with any civil litigation, prosecution or proceedings relating to alleged infringement of Microsoft's copyright or trademark rights by any current or former third party vendor, partner, or supplier of Defendants. Defendants agree that Microsoft and its counsel of record in this case may retain copies of all documents produced in this case by Defendants, including those marked "Confidential" or "Restricted," and they need not be returned to Defendants or destroyed. Furthermore, for a period of 36 months following the execution of this Agreement, Defendants agree to advise Microsoft of any d/b/a name changes or new entities owned and operated by Defendants that distribute Microsoft Software.

6. Continuing Jurisdiction of Court. The Parties agree that the United States District Court for the District of Minnesota shall continue to have jurisdiction of the Action and of this Agreement to the extent necessary to enforce this Agreement and the Stipulated Permanent Injunction.

7. Release of Claims by Microsoft. Except as otherwise provided by this Agreement, upon completion of the payment obligations described in paragraph 1, above, and entry of the Stipulated Permanent Injunction and dismissal described in paragraphs 3 and 4, above, Microsoft, together with its assigns, successors, affiliated parent or subsidiary corporations, agents, officers, directors, employees, and attorneys, release and discharge Defendants together with their successors, affiliated parent or subsidiary corporations, employees, and attorneys, from any and all charges, claims, actions, causes of action, rights, demands, debts, obligations, damages, or accountings of whatever nature, known or unknown, which Microsoft has had or could have up to and until the date of this Agreement,

whether at law or equity, including without limitation all claims that were or could have been asserted by Microsoft against Defendants in the Action.

8. Release of Claims by Defendants. Except as otherwise provided by this Agreement, upon execution of this Agreement and upon the entry of the Stipulated Permanent Injunction and dismissal described in paragraphs 3 and 4, above, Defendants together with their successors, affiliated parent or subsidiary corporations, officers, directors, employees, and attorneys, release and discharge Microsoft, together with its assigns, successors, affiliated parent or subsidiary corporations, agents, officers, directors, employees, and attorneys, from any and all charges, claims, actions, causes of action, rights, demands, debts, obligations, damages, or accountings of whatever nature, known or unknown, which Defendants have had or could have up to and until the date of this Agreement, whether at law or equity, including without limitation all counterclaims that were or could have been asserted against Microsoft, in the Action.

9. No Waiver of Future Claims. The Parties do not waive any future claims, including, but not limited to, claims arising from or relating to a breach of this Agreement.

10. Notices. Any notice provided for under this Agreement shall be sent

(a) to Microsoft at and in care of: Roy Bartlett, Covington & Burling, One Front Street, San Francisco, CA 94111.

(b) to Defendants at and in care of:

11. Breach. The Parties agree that in the event of a breach of any provision of this Agreement, the non-breaching party shall be entitled to whatever remedies are available at law or equity, including, if otherwise available, its reasonable attorneys' fees and costs.

In the event of any subsequent breach by Defendants of the Stipulated Permanent Injunction described in paragraph 3, above, Microsoft shall be entitled to seek whatever remedies are available at law or equity, including, if otherwise available, its reasonable attorneys' fees and costs.

12. Authority. Each individual executing this Agreement on behalf of an entity represents and warrants that he or she is a duly authorized representative of that entity with full power and authority to bind it to each and every term and condition hereof, and that the entity on whose behalf he or she is signing has taken all steps necessary to authorize and approve its entering into and binding itself to each and every term and condition thereof. Each party represents and warrants to the others that he, she or it has taken all steps necessary to authorize and approve his, her or its entering into and binding himself, herself or itself to each and every term and condition of this Agreement and any documentation to be delivered in connection therewith. Each party making any of the foregoing representations or warranties shall indemnify, defend and hold harmless the other parties and the persons and entities receiving a release under this Agreement from any claim that, if true or valid, would breach that individual or party's representation or warranty.

13. Entire Agreement. This Agreement supersedes any prior or contemporaneous communications, whether written or oral, concerning the terms of this Agreement, and constitutes the complete and final agreement of the Parties with respect to the subject matter. The terms of this Agreement are contractual and may not be modified, except by agreement in writing signed by the party against whom enforcement of the modification is sought. Nor may any covenant, representation, warranty, or other provision be waived, except by agreement in writing signed by the party against whom enforcement of the waiver is sought.

14. Parties Represented. Each party to this Agreement has been advised and represented by counsel in connection with the negotiation and preparation hereof, and each shall be deemed its co-author for purposes of the Agreement's construction.

15. No Waiver. The waiver by any party hereto of any right, privilege, covenant or condition hereunder will not operate as or evidence a waiver of any other, or a continuing waiver of the same, right, privilege, covenant or condition hereunder.

16. Choice of Law. This Agreement shall be governed by the law of the State of Minnesota applicable to contracts executed and to be wholly performed in that State. The Parties agree that all disputes arising in any way out of this Agreement shall be heard exclusively in, and the Parties irrevocably consent to jurisdiction and venue in, the state and Federal courts of Minnesota.

17. General Provisions.

(a) This Agreement shall take effect upon execution by all Parties hereto, and may be executed in counterparts, each of which shall have the effect of an original. A party shall be deemed to have executed this Agreement when it has signed below and sent to the other party via facsimile or overnight mail a copy of the signed Agreement.

(b) The language of this Agreement is a product of the mutual effort of the Parties and their attorneys. The Agreement shall be construed fairly as to all Parties, and it shall not be construed for or against any of the Parties on the basis of the extent to which that party has participated in drafting it.

(c) In the event any provision of this Agreement is found to be unenforceable, that finding shall not affect the enforceability of any other provision hereof.

IN WITNESS WHEREOF, the Parties have executed this Agreement by signing below.

DATED: October ____, 2004

Ion Technologies Corporation, a Minnesota corporation

______________________________

By: Paul Martin

DATED: October ____, 2004

Paul Martin, an individual

______________________________

By: Paul Martin

DATED: October ____, 2004

MICROSOFT CORPORATION, a Washington Corporation

______________________________

By: Bonnie MacNaughton
Senior Attorney