**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Civil File No. 01-1769 JNE/JGL

Microsoft Corporation,

Plaintiff,

vs.

Ion Technologies Corporation and Paul Martin,

Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

---

## INTRODUCTION

The motion of Microsoft Corporation ("Microsoft") to enforce the settlement agreement it claims to have reached with defendants Ion Technologies Corporation and its chief executive officer, Paul Martin, must be denied. There has been no meeting of the minds as to materials terms of the purported agreement. Either the matter should be restored to the trial calendar or the Court should enforce the settlement agreement as Ion Technologies Corporation and Mr. Martin understood its terms.

## FACTS

A settlement conference was held in this matter on October 22, 2004. Ion Technologies Corporation ("Ion") and Paul Martin, the Chief Executive Officer of Ion who also is personally a defendant, attended. Kevin P. Hickey of the Bassford Remele law firm represented the defendants.

At the settlement conference, the parties reached what at the time they believed to be an agreement in principle to settle the case. Under the terms of the settlement, Ion and Martin

agreed to stipulate to a permanent injunction limiting their commercial activities and to pay Microsoft $300,000 in installments over a 54-month period. No documents were exchanged at the conference, however, and all parties adjourned with the understanding that the final written agreement would be subject to review of and agreement to the specific language. A draft was to be prepared by counsel for Microsoft. (Declaration of Kevin P. Hickey (hereafter "Hickey Decl."), ¶3).

Although the "Draft Settlement Agreement" delivered four days later to Mr. Hickey by Microsoft's counsel accurately reflected the basic payment terms, other substantive language was included in the draft that had neither been discussed nor agreed to at the settlement conference. (Hickey Decl., ¶¶ 4-6) The language in section 2 of the Agreement was entitled "Non-Dischargeability/Reservation of Right to Assert Non-Dischargeability." Although Section 2 accurately included Microsoft's allegation that Ion had willfully infringed Microsoft's copyrights and trademarks, and as agreed reserved Microsoft's right to contest the dischargeability of the settlement obligation in any subsequent bankruptcy, the remaining language in this section had not been discussed or agreed to by the parties. (Hickey Decl., ¶ 6) The language in Section 2 of the October 26 draft implied that Ion had admitted to willful copyright and trademark infringement and that the settlement obligation would not be dischargeable in any subsequent bankruptcy proceeding. (Id.) The parties had not agreed to those terms at the settlement conference.

Ion and Martin have consistently denied willfulness, and in fact believe that to the extent they are liable for infringement of Microsoft's copyrights and trademarks, they are innocent infringers who, like Microsoft, are the victims of suppliers of counterfeit software. Ion took affirmative steps, beyond those suggested on the Microsoft website, to confirm that the software

it sold was not counterfeit. (Declaration of Paul Martin (hereafter "Martin Decl.") ¶6). In her May 30, 2003, summary judgment order, United States District Judge Joan Ericksen concluded that "Ion does not intend to 'pass off'' the products it sells as genuine Microsoft software. Ion intends for its customers to receive genuine software." (Mem. And Order, 5/30/2003, at 8.)

Ion and Martin did not agree to a settlement admitting willfulness or that the settlement obligation to Microsoft was not dischargeable in bankruptcy. (Martin Decl. §§ 7,8) They would not have agreed to a settlement containing those terms. (Id.). Similarly, Ion and Martin did not agree to an injunction that prohibited Ion from distributing software with stand alone Certificates of Authenticity. (Martin Decl. §§ 9-12). Although Ion and Martin understand that in its earlier demands Microsoft was seeking an injunction prohibiting further distribution of Certificates of Authenticity, Martin believed that for the purposes of settlement Microsoft was now seeking a more a more limited injunction. (Martin Decl. §§ 10-12) Ion and Martin did not agree to (and would not have agreed to) a settlement that included a demand for a stipulated permanent injunction prohibiting the distribution of Certificates of Authenticity with genuine MICROSOFT® software. (Martin Decl. ¶ 8).

**ARGUMENT**

Settlement agreements are governed by basic principles of contract law. *Sheng v. Starkey Lab., Inc.*, 53 F.3d 192, 194 (8th Cir. 1995). As with any contract, for a settlement agreement to be valid there must be an offer, acceptance, and valid consideration, *S O Designs U.S.A., Inc. v. Rollerblade, Inc.*, 620 N.W.2d 48, 53 (Minn. App. 2000), *rev. denied* (Minn. Feb. 21, 2001). There also must be a meeting of the minds as to the materials terms of the contract. *Minnesota Cablesystems v. City of Minneapolis*, 299 N.W.2d 121, 122 (Minn. 1980).

The question of whether a term is "material" to a contract is one of law for the court. *Goddard, Inc. v. Henry's Foods, Inc.*, 291 F. Supp.2d 1021 (D. Minn. 2003). Those items upon

which the settlement hinges are "material." *Sheng*, 117 F.3d at 1083. In this case, the terms in dispute are clearly material.

An unwilling admission of willfulness will prejudice Ion and Martin in future proceedings. First, it is contrary to the law of the case: Judge Ericksen already concluded that Ion "does not intend to 'pass off' the products it sells as genuine Microsoft software. Ion intends for its customers to receive genuine software." (Mem. And Order, 5/30/2003, at 8). There is no reason for Ion to admit to willful infringement when the Court has already concluded that any infringement was not intentional.

Second, such an admission may prevent Ion and/or Martin from taking the position that settlement payments owed to Microsoft are dischargeable in bankruptcy, if either defendant were to seek protection from the bankruptcy court in the future. In addition, an admission of willfulness in this case could be used as an admission by Ion and/or Martin in any future copyright or trademark disputes in which they might be defendants. An admission of willfulness might deprive Ion and Martin of the ability to seek to recover the settlement obligation, and their attorney fee, from an insurer who denied coverage and failed to provide a defense in this litigation. Under those circumstances, the issue of willfulness is plainly material, and Ion and Martin can admit to neither willfulness nor non-dischargeability as part of this settlement.

Ion did not agree to a permanent injunction against the further sale of stand alone Certificates of Authenticity. If Ion is in a position to sell genuine MICROSOFT® software in the future, it should be permitted to certify to its authenticity. Ion has accepted and will abide by an injunction against the sale of stand alone End User License Agreements; Martin did not understand that the injunction would extend to Certificates of Authenticity, however, and he did not agree to such a broad injunction when the parties settled in principle.

When there has been no meeting of the minds as to the material terms of the agreement, no settlement has been reached. *Goddard, Inc. v. Henry's Foods, Inc.*, 291 F. Supp.2d at 1026-1031. Based on the draft documents submitted by counsel for Microsoft, there apparently was no meeting of the minds. The motion to enforce the settlement agreement must be denied.

**CONCLUSION**

The Court must deny the motion of Plaintiff Microsoft Corporation to enforce the purported settlement agreement and restore this matter to the Court's calendar for trial. Alternatively, the Court should enforce the settlement agreement by deleting all portions of Section 2 of the draft agreement except Microsoft's reservation of rights to assert willfulness and non-dischargeability; and should delete from the proposed permanent injunction any restriction on the distribution by Ion or Martin of Certificates of Authenticity.

Respectfully submitted,

LINDQUIST & VENNUM, P.L.L.P.

Dated: December 7, 2004.

By s/ Bruce H. Little
Bruce H. Little MN Reg. No. 17241X
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 371-3211

ATTORNEYS FOR DEFENDANTS ION TECHNOLOGIES CORPORATION and PAUL MARTIN