**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Civil File No. 01-1769 JNE/JGL

Microsoft Corporation,

Plaintiff,

vs.

Ion Technologies Corporation and Paul Martin,

Defendants.

**DECLARATION OF KEVIN P. HICKEY**

---

Kevin P. Hickey, states and deposes as follows:

1. I am an attorney with the law firm of Bassford Remele, A Professional Association, counsel of record for defendants in this matter from May 10, 2002 until December 6, 2004, when Bruce H. Little of Lindquist & Vennum substituted as counsel for defendants.

2. I attended the settlement conference between the parties on October 22, 2004, with Paul Martin, who is a defendant in this matter and the Chief Executive Officer of defendant Ion Technologies Corporation.

3. As a result of the settlement conference, the parties reached an agreement in principle to settle the case, subject to review of and agreement on the specific terms of the Settlement Agreement to be drafted by Microsoft's counsel.

4. On or about October 26, 2004, I received by email a "Draft Settlement Agreement" from Microsoft's counsel, Felicia Boyd.

5. The Agreement accurately reflected the basic payment terms of the Agreement reached at the settlement conference.

6. There was other substantive language, however, that was not discussed or agreed to at the settlement conference. Of particular concern, was the language contained in section 2 of

the Agreement entitled "Non-Dischargeability/Reservation of Right to Assert Non-Dischargeability." While it is accurate that Microsoft alleged that Ion had willfully infringed on Microsoft's copyrights and trademarks, and reserved its rights to contest the dischargeability of the settlement obligation in any subsequent bankruptcy, the remaining language in this section was not discussed or agreed to by the parties. The language of this provision, as currently drafted, could be construed to mean that Ion effectively admits that it willfully infringed on Microsoft's copyrights and trademarks and that the settlement obligation is not dischargeable in any subsequent bankruptcy proceeding. This was not agreed to at the settlement conference.

7. There were two brief discussions during the settlement conference between counsel for the parties regarding the bankruptcy/dischargeability issue. First, Microsoft's counsel, Roy Bartlett, stated to me during a discussion that Microsoft's claim would not be dischargeable in bankruptcy because the infringement was willful. I disputed that the infringement was willful, and also disputed that even if the conduct was found to be willful, it would not be dischargeable in bankruptcy. I indicated that, in my opinion, a showing of fraud or other malicious conduct was required to support a finding that the debt is not dischargeable.

8. Second, there was a brief discussion where Microsoft's counsel, Felicia Boyd, indicated that Microsoft reserved its rights to contest dischargeability in any bankruptcy proceeding on the grounds that the conduct was willful and that it would be "up to the bankruptcy court" as to a final determination on this issue. I agreed that it would be up to the bankruptcy court, and understood this to mean that Microsoft would reserve its rights regarding this issue,

and if it ever arose in any subsequent bankruptcy proceeding, it would be decided on the merits by the bankruptcy court. I did not agree that Ion would concede that infringement was willful or that Microsoft's claim would not be dischargeable in bankruptcy.

Dated: 12/7/04

Kevin P. Hickey

446718.doc