**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Civil File No. 01-1769 JNE/JGL

Microsoft Corporation,

Plaintiff,

vs.

**DECLARATION OF PAUL MARTIN**

Ion Technologies Corporation and Paul Martin,

Defendants.

---

Paul Martin, states and deposes as follows:

1. I am the chief executive officer of Ion Technologies Corporation. Both Ion Technologies Corporation and I are defendants in this matter.

2. I attended the settlement conference on October 22, 2004, with Kevin Hickey, who at that time was acting as counsel for Ion Technologies Corporation and me in this litigation.

3. At the conclusion of the settlement conference, it was my understanding that the parties had reached an agreement in principle to settle the case. Although I agreed to terms on behalf of Ion Technologies Corporation and myself on October 22, 2004, it was my understanding that the specific terms of the Settlement Agreement would be drafted by counsel for Microsoft Corporation and would be subject to revisions by the Defendants. It was further my understanding that the Stipulated Permanent Injunction would be drafted by counsel for Microsoft and would be subject to revisions by the Defendants.

4. On or about October 26, 2004, I received a copy of the "Draft Settlement Agreement" and the "Stipulated Permanent Injunction" that I understand was prepared by

counsel for Microsoft. Neither the "Draft Settlement Agreement" nor the "Stipulated Permanent Injunction" reflects what I understood to be the agreement in principle entered into by the parties and their attorneys at the settlement conference on October 22, 2004.

5. The language in section 2 of the Draft Settlement Agreement, entitled "Non-Dischargeability/Reservation of Right to Assert Non-Dischargeability," appears to include an admission by Ion Technologies Corporation and me that we willfully infringed Microsoft's copyrights and trademarks.

6. Ion Technologies Corporation and I deny that we have willfully infringed Microsoft's copyrights and trademarks. We have maintained that position throughout this litigation and continue to do so today. In fact, we took affirmative steps at Ion Technologies Corporation, beyond those suggested on the Microsoft website, to confirm that the software we sold was not counterfeit. In the summary judgment order of May 30, 2003, United States District Judge Joan Ericksen found that Ion Technologies Corporation and I are liable for copyright infringement and trademark infringement. One of the few parts of that order with which I agree was the statement on page 8 that " . . .Ion does not intend to 'pass off'' the products it sells as genuine Microsoft software. Ion intends for its customers to receive genuine software."

7. I did not agree to a settlement on behalf of Ion Technologies Corporation or myself that admitted to willful infringement, I did not authorize counsel to agree to a settlement that admitted to willful infringement, and I would not have, and will not, agree to a settlement on behalf of Ion Technologies Corporation or myself that admits to willful infringement.

8. The language in section 2 of the Draft Settlement Agreement, entitled "Non-Dischargeability/Reservation of Right to Assert Non-Dischargeability," also appears to include a concession that the settlement obligation is not dischargeable in any subsequent bankruptcy

proceeding. I did not agree to a settlement on behalf of Ion Technologies Corporation or myself that conceded that the settlement obligation is not dischargeable in any subsequent bankruptcy proceeding, I did not authorize counsel to agree to a settlement that conceded that the settlement obligation is not dischargeable in any subsequent bankruptcy proceeding, and I would not have, and will not, agree to a settlement on behalf of Ion Technologies Corporation or myself that concedes that the settlement obligation is not dischargeable in any subsequent bankruptcy proceeding.

9. I also did not agree to a settlement that included a Stipulated Permanent Injunction prohibiting Ion Technologies Corporation from "distributing, offering for distribution, selling, or offering for sale any stand alone Certificate of Authenticity ("COA"). . ." as appears in Paragraph 6 of the [Proposed] Permanent Injunction.

10. A copy of the [Proposed] Permanent Injunction was not presented to the court at the settlement conference on October 22, 2004. Although I had reviewed an earlier draft [Proposed] Permanent Injunction before the settlement conference, I did not understand that Ion Technologies Corporation and I had agreed to the language of that injunction at the settlement conference.

11. My understanding was that prior to October 22, 2004, Microsoft had withdrawn its demand for an injunction against the distribution of stand alone Certificates of Authenticity and was seeking only an injunction against "stand alone licenses" as part of the settlement. This understanding was based on my reading of the "Confidential and Privileged Settlement Communication" from Microsoft counsel Felicia J. Boyd that was sent to Magistrate Judge Jonathan Lebedoff on October 15, 2004. On page 2 of that letter, Microsoft stated that settlement would require "a suitable permanent injunction" that prohibited Ion Technologies Corporation

from making "counterfeit sales and sale of stand alone licenses that aids and abets infringement by others." No reference was made to Certificates of Authenticity.

12. Ion Technologies Corporation and I agreed to a [Stipulated] Permanent Injunction that prohibited the sale of so called "stand alone licenses" as stated in the letter from Microsoft's counsel mentioned above. Obviously any counterfeit software would also be included. These "stand alone licenses" were mentioned more than once in the letter. We did not agree to an injunction prohibiting the sale of genuine stand alone COAs or other components. Ion Technologies Corporation should be permitted to distribute authentic COAs.

Dated: ____________________ ________________________________
Paul Martin