## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **MICROSOFT CORPORATION, a Washington corporation,** | Civil No. 01-1769 (JNE/JGL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **ION TECHNOLOGIES CORPORATION, a Minnesota corporation; and PAUL MARTIN, an individual,** | |
| Defendants. | |

### APPEARANCES

Felicia Boyd, Esq., for Plaintiff

Bruce Little, Esq., for Defendants

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before Chief United States Magistrate Judge Jonathan Lebedoff on December 13, 2004, on Plaintiff's Motion to Enforce Settlement Agreement (Doc. No. 90). The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and D. Minn. LR 72.1.

This Court held a settlement conference in this case on October 22, 2004. The parties agree that a settlement was reached at this conference. (Hickey Decl. ¶ 3; Boyd Decl. ¶ 3.) After the settlement conference, Microsoft

drafted a proposed settlement agreement and release and a proposed permanent injunction and forwarded the documents to Defendants. Defendants took issue with some of the substantive language in the proposed agreement and injunction and did not sign the documents. The parties do not agree on two points contained in the proposed documents.[1]

Settlement agreements are governed by contract law. <u>Sheng v. Starkey Lab., Inc.</u>, 53 F.3d 192, 194 (8th Cir. 1995) (citations omitted); <u>Jallen v. Agre</u>, 119 N.W.2d 739, 743 (Minn. 1963). Parties must agree on all material terms for a settlement agreement to be legally enforceable. <u>Sheng</u>, 53 F.3d at 194 (citations omitted). That is, there must be "a meeting of the minds on the essential terms of the agreement." <u>Ryan v. Ryan</u>, 193 N.W.2d 295, 297 (Minn. 1971) (citations omitted). There is no question that the disputed terms are material to the agreement.

The first point of contention concerns Microsoft's position that Defendants agreed to admit they willfully infringed Microsoft copyrights. It is the Court's clear recollection that Defendants did not agree to this admission during the settlement conference and that Microsoft nonetheless agreed to

---

[1] Microsoft concedes it mistakenly included a sentence in the draft agreement that the settlement agreement would not be dischargeable in any subsequent bankruptcy proceeding, and it has agreed to remove the offending language.

the settlement.[2] Therefore, there was a meeting of the minds on this issue, and the written agreement should not contain the language included by Microsoft.

The second point of contention is whether Ion agreed to an injunction prohibiting it from distributing software with stand alone Certificates of Authenticity. It is the Court's and Microsoft's counsel's recollection that Defendant's counsel at the time, Kevin Hickey, agreed to this language on behalf of his clients. Mr. Hickey's Declaration does not include a statement to the contrary, and Defendant Martin was not present during this discussion so his Declaration is not useful in this respect. Thus, there was a meeting of the minds on this issue, and the permanent injunction should contain this language.

In conclusion, the Court recommends that Microsoft be instructed to revise the written settlement agreement and release and permanent injunction as ordered herein, and the parties should sign the documents forthwith.

---

[2] Judge Ericksen's summary judgment order of May 30, 2003 is not dispositive on this issue as the order did not include a clear finding on the element of willfulness.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Enforce Settlement Agreement (Doc. No. 90) should be **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Report and Recommendation.

Dated: December 13, 2004

       s/ Jonathan Lebedoff
JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties by January 3, 2005, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.