**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| MICROSOFT CORPORATION a Washington corporation<br><br>Plaintiff,<br><br>v.<br><br>ION TECHNOLOGIES CORP., a Minnesota corporation, and PAUL MARTIN, an individual,<br><br>Defendant. | Civil Action No. 01-1769 (JNE/JGL)<br><br>**DECLARATION OF HEATHER LOGAN IN OPPOSITION TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT** |

I, Heather Logan, do hereby declare and say:

1. I am the United States License Compliance Manager for plaintiff Microsoft Corporation. I have personal knowledge of the facts set forth within this declaration.

2. I attended the Settlement Conference before Chief Magistrate Judge Lebedoff on October 22, 2004, on behalf of Microsoft.

3. The parties agreed to settle this matter at the Settlement Conference. The terms included, among other things, an agreement by the defendants to stipulate to a permanent injunction barring them from selling or distributing any stand alone licenses, including Certificates of Authenticity (sometimes called COAs or COALs).

4. I have a clear recollection that the defendants' agreement not to sell stand-alone COAs as a term of the settlement. Specifically, near the end of the formal mediation session, counsel for the defendants, Kevin Hickey, came to the room the Magistrate Judge had assigned us and said that the defendants were agreeable to all terms under discussion, including the ban on selling stand-alone licenses, but wondered whether Microsoft would agree that the defendants could be allowed to sell their

existing inventory of COAs. I promptly answered "no," especially because sale of such stand-alone license is illegal and is viewed by Microsoft as infringing its intellectual property rights. Mr. Hickey said he thought that would be the case and that he would advise his client. Mr. Hickey returned a few minutes later and said that the defendants would drop their request for permission to sell their inventory of COAs and would agree to the ban on stand-alone licenses.

5. The defendants never retracted their agreement regarding the ban on the sale of licenses and a few minutes later, the mediation session was adjourned. It was my understanding and agreement on behalf of Microsoft that the matter was thus settled by agreement, which included a permanent injunction barring the defendants from selling any and all stand-alone Microsoft licenses.

6. I understand that the defendants now contend that they only agreed not to sell stand-alone End User License Agreements ("EULAs") and not COAs. This is not true; the defendants never communicated such a distinction, let alone was it discussed. Indeed, Microsoft never would have agreed to (and I was not authorized to agree to) settle the case on such terms.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 10th day of January 2005 in Minneapolis, Minnesota.

s/ Heather Logan
Heather Logan