**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ION TECHNOLOGIES CORPORATION, a Minnesota corporation, and PAUL MARTIN, an individual,<br><br>Defendants. | Civil Action No. 01-cv-1769 (JNE/JGL)<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR AN ORDER HOLDING DEFENDANTS ION TECHNOLOGIES CORPORATION AND PAUL MARTIN IN CIVIL CONTEMPT OF COURT** |

---

## I. INTRODUCTION

On July 5, 2005, the Court entered a written order that Defendants Ion Technologies Corporation and its founder and Chief Executive Officer Paul Martin were bound by a judicially supervised settlement reached in October 2004, and that they were to sign the settlement papers forthwith. Defendants refused to do so. Despite several attempts over the last few months to persuade Defendants to comply with the Court's Order, Defendants still refuse to comply and are in clear contempt of court. Defendants have failed to execute the Settlement Agreement and Stipulated Permanent Injunction, have failed to fulfill the terms of settlement, including paying Microsoft $300,000 in installments, and have failed to cease their sale of stand-alone Certificates of Authenticity ("COAs").

To remedy Defendants' ongoing disregard for the Court's order, Microsoft moves for an order of civil contempt. Defendants' contempt is clear and, while they may try to argue that compliance is excused since the Order is on appeal and thus may disregard it,

they are wrong. The law is well settled that a trial court order must be obeyed and is not automatically stayed by an appeal. Instead, the losing party must obtain a stay, which at a minimum requires Defendants here to post sufficient security for the amounts it owes Microsoft under the Order. Defendants have not applied for, let alone obtained, a stay and thus are subject to contempt proceedings.

## II. BACKGROUND

In September 2001, Microsoft sued Defendants for trademark infringement, copyright infringement and other claims for their world-wide sale of counterfeit Microsoft software. Declaration of Roy M. Bartlett ("Bartlett Decl.") at ¶ 2.

On May 30, 2003, the Court granted summary judgment to Microsoft, ruling that both Ion and Martin were liable as a matter of law for copyright infringement, trademark infringement, false designation of origin, and unfair competition in connection with their serial sales of counterfeit Microsoft software. *Id.* at ¶ 3. The remainder of the case was set for a jury trial to commence on November 2, 2004, on the issues of Defendants' willfulness and the amount of statutory damages owed to Microsoft. *Id.* at ¶ 4.

Shortly before trial, Chief Magistrate Judge Lebedoff presided over a final Settlement Conference; this was the second such settlement conference held before Judge Lebedoff. *Id.* at ¶ 5. After extended discussions, the parties agreed to settle the case. *Id.* at ¶ 6. Key terms of the settlement included (1) entry of a stipulated permanent injunction barring Defendants from, among other things, distributing any stand-alone licenses for Microsoft software and (2) $300,000 to be paid by Defendants to Microsoft in installments spread over 54 months. *Id.*

Microsoft promptly drafted and delivered to Defendants the settlement papers memorializing the terms of the settlement, including a draft Settlement Agreement and, attached to it, a draft Stipulated Permanent Injunction. *Id*. at ¶ 7. Based on the settlement, this Court subsequently entered an Order for Dismissal on October 29, 2004, thereby vacating the trial date. *Id*. at ¶ 8.

In the weeks that followed, Defendants failed to endorse the settlement documents, failed to comment on the proposed settlement papers, and failed to perform any of their settlement obligations (*e.g*., payment to Microsoft and stopping their sale of stand-alone COA and other licenses). *Id*. at ¶ 9. Microsoft filed a motion to enforce the settlement agreement on November 29, 2004. *Id*. at ¶ 10. On December 7, 2004, Defendants filed their opposition, and for the first time took the position that the matter was not settled (or at least not settled on the terms set out in the settlement papers). *Id*. at ¶ 11. Defendants' primary argument was that they supposedly agreed to an injunction not to sell one type of stand-alone license (called EULAs) and supposedly did not agree not to sell all types of stand-alone licenses (including stand-alone COAs). *Id*. Notably, Defendants did not contest the part of the settlement requiring them to pay Microsoft $300,000. *Id*.

On December 13, 2004, Judge Lebedoff issued a Report and Recommendation in which he found that the parties had reached a binding settlement agreement, including an agreement regarding the scope of the permanent injunction to include all types of stand-alone licenses, during the Settlement Conference. *Id*. at ¶ 12. The Report recommended

that Microsoft revise the settlement documents (to eliminate a provision relating to bankruptcy issues), and that the parties sign the documents forthwith. *Id*.

Microsoft complied with the Report. *Id*. at ¶ 13. However, on December 27, 2004, Defendants filed objections to the Report and Recommendation based on the same arguments already rejected by Judge Lebedoff. *Id*. at ¶ 14. Again, Defendants did not dispute that they had agreed to pay Microsoft $300,000 as part of the settlement. *Id*. On July 5, 2005, this Court issued its Order, adopting Judge Lebedoff's Report and Recommendation and noting that "Defendants refuse to honor their part of the agreement." *Id*. at ¶ 15. The Court ordered Microsoft to revise the Settlement Agreement and Stipulated Permanent Injunction as provided in the Report and Recommendation, and ordered Defendants to "sign the documents forthwith." *Id*.

Microsoft promptly revised the settlement papers and forwarded them to Defendants by overnight delivery on July 8, 2005. *Id*. at ¶ 16. Microsoft requested that Defendants review, execute and return the settlement documents. *Id*. Defendants ignored the request and stalled. *Id*. at ¶ 17. Defendants ultimately filed a Notice of Appeal on July 20, 2005, appealing the July 5 Order as well as this Court's May 30, 2003 order on summary judgment. *Id*. at ¶ 18. That appeal is pending. *Id*.

Since then, further settlement talks have failed, Defendants continue to defy the Court's order by failing to execute the settlement papers and not performing any of their settlement obligations, and Microsoft has been forced to file another lawsuit and obtain an injunction (also before this Court) to try to halt Defendants' sales of stand-alone licenses. *Id*. at ¶¶ 19 - 20, 22. Furthermore, Defendants have failed to seek or obtain a

stay of the Court's Order pending appeal. *Id*. While Microsoft expects to prevail on the appeal that is pending, a ruling is still months away, and Defendants are now complaining that they are running out of money to pay the amounts owed to Microsoft. *Id*. at ¶¶ 18, 21. Hence this motion for contempt.

## III. ARGUMENT

### A. The Civil Contempt Standard

It is a "basic proposition that all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, *absent a stay*, he must comply promptly with the order pending appeal." *Id*. (emphasis added). A district court maintains "continuing jurisdiction" to support its judgment "as long as that judgment has not been superseded." *Farmhand, Inc. v. Anel Eng'g Indus., Inc.*, 693 F.2d 1140, 1146 (5th Cir. 1982).

When parties fail to comply with court orders, as Defendants have here, there is "no question that courts have inherent power to enforce compliance with [those] lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). A court "may levy a fine against the party in contempt, which is payable to the moving party or to the Court, or may order imprisonment." *Faegre & Benson, LLP v. Purdy*, 367 F. Supp. 2d 1238, 1243 (D. Minn. 2005); *see also* 18 U.S.C. § 401. "Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000).

To obtain an order of civil contempt, Microsoft must show, by clear and convincing evidence, that Defendants violated the Court's order." *See Faegre & Benson*, 367 F. Supp. 2d at 1243; *see also Chicago Truck Drivers*, 207 F.3d at 504. The violation of the order need not be willful although, as shown, Defendants' defiance of the Order here obviously is both intended and willful. *Id*.; *see also Kehm v. The Procter & Gamble Mfr. Co.*, 724 F.2d 630, 631 (8th Cir. 1984); *Ford Motor Co. v. B&H Supply, Inc*., 646 F. Supp. 975, 1002 (D. Minn. 1986).

**B. Defendants Are In Civil Contempt of Court**

**1. Defendants Have Not Complied With the Court's July 5 Order**

Defendants have failed to comply with and, indeed, continue to defy the Court's July 5, 2005 Order. Bartlett Decl. at ¶¶ 16-22. They refuse to sign the settlement papers, including the Settlement Agreement and Stipulated Permanent Injunction, refuse to pay Microsoft any of the installment payments set forth in the Settlement Agreement, and continue (at least until recently) to sell stand-alone COA licenses in direct contradiction to the terms of the Stipulated Permanent Injunction, despite the fact that a settlement was reached on October 22, 2004. *Id*. Indeed, in mid-July 2005, shortly after this Court issued its Order, Defendants distributed several more stand-alone COAs to a Microsoft investigator. *Id*. at ¶ 21.

Defendants therefore have clearly violated the Order and are in civil contempt of court. *See, e.g*., *Faegre & Benson*, 367 F. Supp. 2d at 1243; *Chicago Truck Drivers*, 207 F.3d at 504.

**2. The Order Is Not Stayed Pending Defendants' Appeal**

Defendants have not sought or secured a stay of any part of the Order. Absent a stay, they must comply "promptly" with that Order. *Maness*, 419 U.S. at 458. Defendants' failure to seek and obtain a stay of the Order requires a finding of contempt. *See SEC v. Yun*, 208 F. Supp. 2d 1279, 1284 (M.D. Fla. 2002) (noting that the failure to "secure a full supersedeas bond" supports a "finding of contempt").

**a. To Stay the Money Judgment[1] Portion of the Order, Defendants Must Post a Sufficient Supersedeas Bond In An Amount Approved By the Court**

To stay a money judgment or similar order on appeal, the appellant must provide a sufficient supersedeas bond to the district court and the court must approve the bond.[2] *See* Fed. R. Civ. P. 62(d); *Enter. Leasing Co. v. Metro. Airports Comm.*, 193 F.R.D. 641, 643 (D. Minn. 2000). "The stay is effective when the supersedeas bond is approved by the court." Fed. R. Civ. P. 62(d); *see also Adzick v. Unum Life Ins. Co. of Am.*, 2003 U.S. Dist. LEXIS 7555, at *2 (D. Minn. Apr. 18, 2003).[3]

---

[1] A "judgment" includes "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Because the Order is appealable, it qualifies as a "judgment." The Order further qualifies as a "money judgment" because it requires Ion and Martin to execute the Settlement Agreement, which in turn requires them to pay Microsoft $300,000 through a specified payment plan.

[2] A money judgment is automatically stayed only for a 10-day period after entered. *See* Fed. R. Civ. P. 62(a). After that, an aggrieved party must apply for a bond and a stay.

[3] If an order "includes both a money award and the grant or denial of an injunction [as is the case here], a [sufficient] supersedeas stays the money award but not that part of the judgment that deals with injunctive relief." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2905; *see also Nat'l Labor Relations Bd. v.*

(continued…)

A supersedeas bond is designed "to provide both insurance and compensation to the appellee." *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998); Fed. R. Civ. P. 62(d). It protects the non-appealing party "'from the risk of a later uncollectible judgment'" and also "'provides compensation for those injuries which can be said to be the natural and proximate result of the stay.'" *Id*. (quoting *Westphal*, 859 F.2d at 819). Thus, the requirement to post a bond "establishes not only the appellant's right to a stay, but also the appellee's right to have a bond posted." *Id*.

In light of this important function, courts usually require a "full supersedeas bond." *Id*.; *see also Adzick*, 2003 U.S. Dist. LEXIS 7555, at *2 ("The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interests, costs, and damages for delay.") In securing a full supersedeas bond, the party seeking the bond should take all reasonable actions such as borrowing against his assets, including house, stock portfolio, equity line, retirement assets, "or any combination of these or other assets." *Id*. at 1284.

Defendants have not obtained a supersedeas bond and thus have failed to take the necessary action to stay the Order. Accordingly, the Order is not stayed, and Defendants failure to comply with the Order by refusing to execute the settlement documents and refusing to pay Microsoft the money it is owed under the Settlement Agreement amounts

---

*Westphal*, 859 F.2d 818, 819 (9th Cir. 1988); *Sentry Ins. v. Pearl*, 662 F. Supp. 1171, 1172-73 (E.D. Pa. 1987) ("A party appealing an injunctive order is not entitled to a stay as of right upon posting a supersedeas bond.")

to civil contempt. *See id.*; *see also Maness*, 419 U.S. at 458; *Enterprise Leasing*, 193 F.R.D. at 643, 644.

**b. In Addition, To Stay the Injunction Portion of the Order, Defendants Must Request and Obtain a Stay Pursuant to Rule 62(c)**

To stay an injunction, the appellant must request and receive a stay pursuant to Fed. R. Civ. P. 62(c). *See Enterprise Leasing*, 193 F.R.D. at 644; *Sentry Ins.*, 662 F. Supp. at 1173.

Defendants have not requested, let alone obtained, a stay pursuant to Rule 62(c), and thus have failed to take the requisite actions to stay the Order.[4] Moreover, Defendants have blatantly violated the terms of the Stipulated Permanent Injunction which this Court ordered them to sign by distributing stand-alone COAs in mid-July 2005. Accordingly, the Order is not stayed, and Defendants failure to execute the Stipulated Permanent Injunction and comply with its terms by stopping their sale of stand-alone COAs amounts to civil contempt.

**C. Microsoft Is Entitled To Recover Its Reasonable Attorneys' Fees, Costs, and Expenses Related to Bringing This Motion**

It is well-established that the prevailing party in a motion for civil contempt is entitled to recover its reasonable attorneys' fees, costs and expenses. *See Faegre & Benson*, 367 F. Supp. 2d at 1250; *Ford Motor Co.*, 646 F. Supp. at 1002 (the

---

[4] As Defendants have yet to seek a stay under Fed. R. Civ. P. 62(c), Microsoft takes no position at this time as to whether a stay is appropriate or if Defendants will be able to make the requisite showing justifying a stay. Microsoft reserves any and all rights to object to and oppose any motion seeking a stay filed by Defendants.

"reimbursement to the prevailing party may include losses flowing from noncompliance and expenses reasonably and necessarily incurred in the attempt to enforce compliance…including attorney's fees"). This is in addition to any other remedies that the Court may award.

Microsoft has submitted this Motion in a further attempt to ensure compliance by Defendants with this Court's Order. If it prevails, Microsoft is entitled to its reasonable attorney's fees, costs, and expenses incurred in bringing this motion. *See id*.

### D. Microsoft's Motion Can Be Decided on Declarations and Oral Argument and An Evidentiary Hearing May Not Be Necessary

Civil contempt proceedings sometimes require a full evidentiary hearing or trial. *See*, *e.g.*, *In Re Grand Jury Proceedings*, 795 F.2d 226, 234 (1st Cir. 1986). However, a proceeding less than a full adversary hearing is allowed where facts surrounding the contempt are undisputed, or where documentary evidence clearly establishes the contempt and no material issues of fact are raised. *See id*. (Surveying cases).

Microsoft respectfully requests that the Court decide the issue of whether Ion and Martin are in civil contempt based upon declarations and oral argument. Should the Defendants present declarations raising a genuine dispute of material fact as to whether they are liable for contempt, the Court could then schedule an evidentiary hearing to receive testimony relevant to any genuine issues raised by Defendants' declarations.

## IV. CONCLUSION

Defendants have violated this Court's July 5, 2005 Order on numerous counts: (1) they have failed to execute the settlement documents; (2) they have failed to pay

Microsoft any money under the payment schedule set forth in the Settlement Agreement; (3) they have failed to comply with the terms of the Stipulated Permanent Injunction by continuing to sell stand-alone COAs; and (4) they have failed to request or obtain a stay of the Order. Defendants' defiance of this Court's Order is inexcusable and Defendants should be found in civil contempt of court.

Respectfully submitted,

Dated: November 15, 2005

**MASLON EDELMAN BORMAN & BRAND, LLP**

By: **s/Haley N. Schaffer**
Gary J. Haugen (#42328)
Michael C. McCarthy (#230406)
Haley N. Schaffer (#313099)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 672-8200
Facsimile: (612) 672-8397

and

**COVINGTON & BURLING**
Roy M. Bartlett, Jr. (CA #101563)
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

**ATTORNEYS FOR PLAINTIFF MICROSOFT CORPORATION**

426901.1