**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

MICROSOFT CORPORATION, a Washington corporation,

Plaintiff,

v.

ION TECHNOLOGIES CORPORATION, a Minnesota corporation, and PAUL MARTIN, an individual,

Defendants.

Civil Action No. 01-cv-1769 (JNE/JGL)

**DECLARATION OF ROY M. BARTLETT IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER HOLDING DEFENDANTS ION TECHNOLOGIES CORPORATION AND PAUL MARTIN IN CIVIL CONTEMPT OF COURT**

---

I, Roy M. Bartlett, do hereby declare and say:

1. I am an attorney with Covington & Burling, am admitted to practice *pro hac vice* before this Court, and am co-counsel of record for plaintiff Microsoft Corporation in this case.

2. On September 26, 2001, Microsoft filed a complaint against Defendants for, among other things, copyright infringement and trademark infringement, alleging that Defendants were liable to Microsoft based on their widespread sale of counterfeit Microsoft software products.

3. On May 30, 2003, this Court granted Microsoft's Motion for Summary Judgment in part, ruling that both Ion and Martin were liable as a matter of law for copyright infringement, trademark infringement, false designation of origin, and unfair competition.

4. The case was set for a jury trial to begin on November 2, 2004, on the issues of Defendants' willfulness and the amount of statutory damages owed to Microsoft.

5. I attended the Settlement Conference before Chief Magistrate Judge Lebedoff on October 22, 2004, on behalf of Microsoft. This was the second Settlement Conference held before Judge Lebedoff in the case.

6. The parties agreed to settle this matter at the October 22, 2004 Settlement Conference. The terms of settlement included, among other things, an agreement by Defendants to stipulate to a permanent injunction barring them from selling or distributing stand-alone Certificates of Authenticity ("COAs") for Microsoft software, and to pay Microsoft $300,000 in installment payments. Under the agreed-upon installment payment plan, Defendants were to pay Microsoft an initial payment of $30,000, plus 54 consecutive monthly payments of $5,000.

7. At the Settlement Conference, the parties agreed that Microsoft would prepare the formal settlement papers, including a draft Settlement Agreement and draft Stipulated Permanent Injunction (a version of which had already been provided to Defendants). Microsoft did so and delivered the settlement papers to Defendants on October 26, 2004.

8. On October 29, 2004, this Court entered an order dismissing the case and vacating the November 2, 2004 trial date.

9. By mid-November, 2004, Defendants still had not signed the settlement papers or contacted Microsoft to discuss them. Furthermore, Defendants failed to

perform any of their settlement obligations; they did not make any payment to Microsoft, and they continued to advertise stand-alone COAs on their website.

10. On November 29, 2004, Microsoft filed a Motion to Enforce the Settlement Agreement.

11. On December 7, 2004, Defendants filed an opposition to Microsoft's motion to enforce. In that motion, Defendants took the position that there was no settlement because Defendants had agreed (or meant to agree) only not to sell End User License Agreements, and not all stand-alone licenses. Defendants did not contest the part of the settlement to pay Microsoft $300,000.

12. On December 13, 2004, Judge Lebedoff issued a Report and Recommendation in which he found that the parties had reached a binding settlement agreement, including an agreement regarding the scope of the permanent injunction to include all types of stand-alone licenses. The Report recommended that Microsoft revise the settlement documents by removing a provision relating to bankruptcy issues, and that the parties sign the documents forthwith.

13. Microsoft revised the settlement documents to comply with the Report and Recommendation.

14. On December 27, 2004, Defendants filed objections to the Report and Recommendation based on the same arguments already rejected by Judge Lebedoff. Once again, Defendants did not contest that they had agreed to pay Microsoft $300,000 as part of the settlement. Microsoft filed its Response to Defendants' objections on

January 11, 2005. The Court took the matter under submission to decide without oral argument.

15. On July 5, 2005, the Court issued an order adopting the Report and Recommendation and noting that "Defendants refuse to honor their part of the agreement." This Court ordered Microsoft to revise the settlement documents as provided in the Report and Recommendation, and ordered Defendants to "sign the documents forthwith." A true and correct copy of the order is attached hereto as Exhibit A.

16. Microsoft promptly forwarded revised settlement documents to Defendants on July 8, 2005, via overnight delivery. Microsoft requested that Defendants review, execute, and return the executed settlement documents by July 15, 2005. A true and correct copy of my July 8 letter to counsel for Defendants, attaching copies of the settlement documents, is attached hereto as Exhibit B.

17. Defendants did not respond to Microsoft's request by July 15 and did not sign the settlement papers as ordered. Instead, on July 18, 2005, I received a letter from counsel for Defendants via facsimile advising that he had been unable to meet with Defendants to discuss the settlement documents.

18. On July 20, 2005, Defendants filed a Notice of Appeal appealing this Court's July 5, 2005 order, as well as the May 30, 2003 order on summary judgment. That appeal is pending. Defendants filed their opening brief in late October 2005; Microsoft's brief is due in late November 2005.

19. On August 24, 2005, the parties participated in an early settlement conference sponsored by the United States Court of Appeals for the Eighth Circuit. The case did not settle during the conference. Subsequent informal settlement discussions have failed as well.

20. On August 24, 2005, after the settlement conference when it became clear Defendants had no intention of stopping their sale of stand-alone licenses, Microsoft filed a new lawsuit against Defendants and The World Online Communications Corporation seeking damages and an injunction arising from Defendants' knowing distribution of stand-alone COAs in violation of the Anti-Counterfeiting Amendments Act of 2004. Among other things, the complaint alleges that Ion distributed several stand-alone COAs obtained from Ion's inventory to a Microsoft investigator in mid-July, 2005. A true and correct copy of the Declaration of Kristi Bankhead in Support of Plaintiff's Motion for a Preliminary Injunction, discussing the July 2005 distribution of stand-alone COAs by Defendants, is attached hereto as Exhibit C.

21. Defendants have indicated that they have run out of or are running out of money to pay the amounts owned to Microsoft under the settlement agreement.

22. Defendants have defied and continue to defy this Court's July 5, 2005 order by failing to execute the settlement papers, failing to make any payment to Microsoft, failing to seek or obtain a stay of the July 5 order, and selling stand-alone COAs.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 8th day of November 2005 in San Francisco, California.

**s/Roy M. Bartlett**
Roy M. Bartlett

426902.1