**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ION TECHNOLOGIES CORPORATION, a Minnesota corporation, and PAUL MARTIN, an individual,<br><br>Defendants. | Court File No. 01-cv-1769 (JNE/SRN)<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER HOLDING DEFENDANTS ION TECHNOLOGIES CORPORATION AND PAUL MARTIN IN CIVIL CONTEMPT OF COURT** |

## INTRODUCTION

Defendants Ion Technologies Corporation ("Ion") and Paul Martin ("Martin") (collectively "Defendants") respectfully submit this Memorandum of Law in Opposition to Plaintiff's Motion for an Order Holding Defendants Ion Technologies Corporation and Paul Martin in Civil Contempt of Court. This Court issued a final, appealable Order on July 5, 2005, directing execution of a settlement contract. Defendants have appealed that decision without signing the settlement documents because the precise issue on appeal is whether or not the parties actually reached a settlement agreement. Defendants should not be held in civil contempt for not executing the settlement documents nor seeking a stay of the July 5, 2005 Order pending its appeal.

## ISSUE

Contempt is an unavailable sanction where a party cannot comply in order to preserve an issue for appeal. Here, Defendants have not executed the settlement

agreement contemplated by the Court's July 5, 2005 Order because that would moot the issue on appeal. Moreover, this Court lacks jurisdiction to consider contempt, and it lacks a procedure to stay the order pending appeal because it is neither an injunction nor a money judgment. Should this Court therefore deny Plaintiff's contempt motion and allow the Court of Appeals to decide the issues before it?

## BACKGROUND

Nearly six months ago, on July 5, 2005 and over Defendants' objections, this Court issued a final, appealable Order granting Plaintiff's motion to enforce a settlement agreement fashioned by Magistrate Judge Lebedoff in his December 13, 2004 Report and Recommendation. Specifically, this Court's July 5, 2005 Order stated the following:

> 1. Plaintiff's motion to enforce the settlement agreement [Docket No. 90] is GRANTED IN PART and DENIED IN PART.
>
> 2. Plaintiff shall revise the written settlement agreement and release and permanent injunction as provided in the magistrate judge's December 13, 2004, Report and Recommendation, and the parties shall sign the documents forthwith.

July 5, 2005 Order ("Order") at 2. Instead of executing the settlement agreement documents, Defendants properly filed a Notice of Appeal to the Eighth Circuit on July 20, 2005. The Court of Appeals for the Eighth Circuit accepted the appeal on August 3, 2005 as *Microsoft Corporation v. Ion Technologies Corporation and Paul Martin*, No. 05-3120.

Although the appeal has been fully briefed and the parties only await oral argument before the Eighth Circuit, on November 15, 2005 Plaintiff filed a motion for an

order holding Defendants in civil contempt of court for not acting upon the unexecuted settlement agreement—the very existence of which is the issue on appeal. It is this motion to which Defendants now respond.

## ARGUMENT

Plaintiff has moved this Court to hold Defendants in contempt for not taking action in accordance with the July 5, 2005 Order. Specifically, Plaintiff complains that Defendants have not acted upon the terms of the settlement agreement, nor executed a revised version of the settlement documents, and alternatively have not sought a stay of the Order pending their appeal. Defendants have properly filed a Notice of Appeal to the Eighth Circuit in this matter, and compliance with the July 5, 2005 Order is not required pending that appeal. In fact, taking any action on the Order at this time could disturb the very issues currently under consideration by the Eighth Circuit. The filing of the Notice of Appeal divested the trail court of jurisdiction over its Order pending the appeal. Any action Defendants' take upon the Order before the Court of Appeals renders a decision could result in mooting the pending appeal and destroying Defendants' ability to obtain appellate relief.

### A. Defendants' Appeal Divested This Court of Jurisdiction, Which Precludes a Finding of Contempt.

While the Order granted in part and denied in part Plaintiff's Motion to Enforce the Settlement Agreement, Defendants' properly filed Notice of Appeal divested this Court of jurisdiction over all issues taken on appeal:

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.

> The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. Subsequent proceedings in the district court are ordinarily ineffective.

*Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996) (internal citation and quotation marks omitted) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). The purpose of this judge-made rule is "to prevent the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97 (3d Cir. 1988).

Plaintiff contends that one of the exceptions to this general rule of divestiture is that a trial court retains jurisdiction to enforce its own judgments that have not been stayed. *See, e.g., In re Grand Jury Subpoenas Duces Tecum*, 85 F.3d 372, 375-76 (8th Cir. 1996). Plaintiff cites no authority from this circuit or any other, however, in support of the argument that this enforcement exception extends to post-appeal orders that would disturb the very issues taken on appeal. To the contrary, where a trial court's enforcement of an order would bear directly on the precise issues on appeal, a trial court has no jurisdiction to issue the order, and the proper jurisdiction over such issues lies with the Court of Appeals. *Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1065 (11th Cir. 2001) (holding defendants' filing of the notice of appeal divested the district court of jurisdiction to enter an order that directly impacted one of the questions proffered for review); *Donovan v. Mazzola*, 761 F.2d 1411, 1415 (9th Cir. 1985) (holding district

court lacked jurisdiction over contempt order where directly related appeal was pending in Court of Appeals).

Although Plaintiff may also argue that another exception to the general rule of divestiture may apply in which a trial court may "supervise[] a continuing course of conduct" pending an appeal, courts limit this exception only to ongoing injunctive relief, and therefore it also does not apply to the present case. *See Board of Educ. of St. Louis v. State of Mo.*, 936 F.2d 993, 996 (8th Cir. 1991). Plaintiff did not seek, and the Court did not grant, injunctive relief in this matter. *See* Order at 2. Instead, this Court granted in part and denied in part Plaintiff's motion to enforce the settlement agreement and directed the parties to revise and execute settlement documents. Therefore, this second exception also does not provide this Court with retained jurisdiction to issue an enforcement order pending an appeal.

Because no exceptions to the general rule of divestiture apply, this Court lacks jurisdiction to order enforcement of the precise issues before the Eighth Circuit. Therefore, this Court should not require Defendants to take any action on the Order before the Court of Appeals has rendered its decision and should not hold Defendants in contempt.

**B. This Court Should Deny Plaintiff's Motion for Contempt Because Defendants Were Unable to Comply With the Order.**

Even if, as Plaintiff argues, this Court retained jurisdiction to enforce the Order, Defendants should not be held in contempt of court because they were unable to comply with the Order.

In a civil contempt proceeding, a moving party must prove by clear and convincing evidence that the person allegedly in contempt violated a court order. *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). If the moving party has met its burden, there will be no finding of contempt where the non-moving party shows an inability to comply. *Id*. A non-moving party may demonstrate an inability to comply where it establishes the following: (1) it was unable to comply; (2) its inability to comply was not self-induced; and (3) it made all reasonable efforts to comply in good faith. *United States v. Santee Sioux Tribe of Neb.*, 254 F.3d 728, 736 (8th Cir. 2001). Not only did Defendants determine they were unable to seek a stay of the Order based upon a the plain language of the applicable procedural rules, any action Defendants may now take on the Order pending its appeal could result in mooting the appeal before the Eighth Circuit.

In assessing the need for a stay upon filing the Notice of Appeal, Defendants deemed no procedural mechanisms appropriate to stay the Order. Contrary to the Plaintiff's characterizations, the Order is neither an injunction nor a money judgment. Instead, the Order partially grants a motion to enforce a settlement agreement and directs the parties to revise and execute certain settlement documents. *See* Order at 2. An order enforcing a settlement agreement is not an injunction but rather is an order for specific performance of a contract. *Saber v. FinanceAmerica Credit Corp.*, 843 F.2d 697, 702 (3d Cir. 1988).

Rule 62 of the Federal Rules of Civil Procedure does not specifically provide a method for seeking a stay of judicial decree like that of the July 5, 2005 Order. Rule 62

provides only two possible mechanisms under which Defendants may seek a stay of the Order pending its appeal. Rule 62(c) provides a means of seeking a stay in the context of an order issuing an injunction. *See* Fed. R. Civ. P. Rule 62(c). Rule 62(d) provides a means for seeking a stay in the context of money judgments. *See Herbert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992); *Omnioffices, Inc. v. Kaidanow*, 201 F. Supp. 2d 41, 43 (D.C.C. 2002). Although Plaintiff attempts to wedge the Order into both Rule 62(c) and Rule 62(d), neither rule applies to provide Defendants with a procedural mechanism with which to seek a stay.

The plain language of Rule 62 does not provide procedures or authority for issuing a stay of an order for specific performance. Absent such a mechanism, Defendants should not now be called upon to execute a settlement to which they did not agree and the existence of which is the precise issue before the Eighth Circuit.[1] At a minimum, there is a reasonable ambiguity that precludes a finding of contempt.

Moreover, to the extent the Court of Appeals may find that no agreement has in fact been reached between the parties, any action taken by Defendants to comply with the Order may result in mooting their appeal. Executing a contract is a legally operative act demonstrating a manifestation of assent and having immediate, binding, and irreparable consequences. For instance, such a manifestation of assent would likely lead to Plaintiff bringing a breach-of-contract action, which could result in harm to Defendants that would

---

[1] It appears as if, until very recently, Plaintiff had come to the same conclusion. Only after five months, and after the appeal has been fully briefed before the Eighth Circuit, has Plaintiff decided to come forward and seek enforcement of this Order.

be outside the scope of the Eighth Circuit's jurisdictional power to correct.[2] Such a course of events could result in mooting the appeal. *See Thibaut v. Oruso*, 705 F.2d 118, 121 (5th Cir. 1983).

The federal power of the judiciary only extends to "cases" or "controversies." U.S. Const. Art. III, § 2. The "case or controversy" requirement is not met if "the question sought to be adjudicated has been mooted by subsequent developments." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). If a court can no longer grant effective relief, a Court of Appeals must dismiss the suit for lack of jurisdiction:

> "[A]n actual controversy must exist at all stages of appellate review, not merely at the time the complaint is filed." During the course of litigation, the issues presented in a case may lose their life because of the passage of time or a change in circumstances. When this happens and a federal court can no longer grant effective relief, the case is moot. Federal courts lack power to decide moot cases. If a case becomes moot at any stage of an appeal, we must vacate the district court's order and judgment, and remand the case with instructions to dismiss.

*Beck by Beck v. Missouri State High School Activities Ass'n* 18 F.3d 604, 605 (8th Cir. 1994) (quoting *Honig v. Doe*, 484 U.S. 305, 329 (1988) (Rehnquist, C.J., concurring)) (internal citations and omitted).

If Defendants execute the settlement agreement during the pendency of the appeal under the Order of this Court, Defendants risk setting in motion a course of events that may deprive the Court of Appeals of its ability to grant relief. The potential for such an

---

[2] In fact, Plaintiff has recently amended its complaint in a second lawsuit filed against Defendants to allege breach of contract based upon the purported settlement agreement in this matter.

outcome renders Defendants unable to comply with the July 5, 2005 Order, and therefore this Court should deny Plaintiff's motion to hold Defendants in contempt of court.

**C. Any Penalty for Finding of Contempt Should Be Mitigated.**

Reliance upon advice of counsel may be considered to mitigate contempt sanctions. *Securities and Exchange Commission v. First Fin. Group of Texas, Inc.*, 659 F.2d 660, 670 (5th Cir. 1981). Defendants' counsel did not believe the July 5, 2005 Order was a money judgment that could be stayed by seeking a Rule 62(d) supersedeas bond. Nor did Defendants' counsel believe that the Order was a decree granting or denying an injunction such that it could be stayed under Rule 62(c). Instead, Defendants counsel interpreted the Order as a final, appealable judgment that required no stay during the pendency of its appeal. To the extent it may be necessary, Defendants seek mitigation based upon this analysis, and request a subsequent hearing, if necessary, to demonstrate Defendants' reliance upon the advice of counsel.

**CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiff's Motion for an order holding Defendants in civil contempt of court. Not only has Defendants' appeal divested this Court of jurisdiction to enforce the July 5, 2005 Order, but Defendants are unable to comply with that Order without possibly mooting their appeal. Their non-execution of the settlement agreement was not contempt. Rather, it was what Defendants believed was appropriate to preserve their rights in this matter.

DATED: December 21, 2005.

**LINDQUIST & VENNUM P.L.L.P.**

By: s/Bruce H. Little

Bruce H. Little (17421x)
Paul A. Banker (256596)
Christopher A. Grgurich (327694)
4200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 371-3211
(612) 371-3207 (facsimile)

**ATTORNEYS FOR DEFENDANTS ION TECHNOLOGIES CORPORATION AND PAUL MARTIN**