MASLON
MASLON EDELMAN BORMAN & BRAND, LLP

P 612.672.8200
F 612.672.8397
www.maslon.com

3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota
55402-4140

January 5, 2006

**Gary J. Haugen**
**Direct Phone: (612) 672-8325**
**Direct Fax: (612) 642-8325**
*gary.haugen@maslon.com*

The Honorable Joan N. Ericksen
United States District Judge
United States District Court, District
of Minnesota
12W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

**ELECTRONICALLY FILED AND HAND DELIVERED**

Re: *Microsoft Corp. v. Ion Technologies Corp. & Paul Martin*, No. 01-1769

Dear Judge Ericksen:

I write on behalf of Plaintiff Microsoft Corporation to address the issues raised by the Court in the telephone conference of December 30, 2005, as well as to briefly address issues raised by Defendants in their opposition papers. During the December 30 telephone conference, the Court authorized additional letter briefs to be filed in advance of the January 9, 2006, hearing on Microsoft's contempt motion.

As we understood the Court's concern, it is that a line of Eighth Circuit authority precludes the Court from imposing civil contempt for failure to comply with a settlement agreement when the terms of that settlement agreement are not included in a Court Order. *See, e.g., International Brotherhood of Elec. Workers v. Hope Elec. Corp.*, 293 F.3d 409, 418 (8th Cir. 2002); *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1190 n.13 (8th Cir. 1984). We agree that the Court did not incorporate the terms of the settlement in its dismissal Order, and so the Court may not be able to impose contempt sanctions on Defendants for failure to comply with the terms of the settlement agreement. The Court did, however, clearly and unambiguously order all parties, including Defendants, to sign the settlement agreement. *See* Order of July 5, 2005 (Dkt. 115) ("IT IS ORDERED THAT: . . . the parties shall sign the documents forthwith."). Defendants have not signed the settlement agreement as directed, and accordingly, the Court should find Defendants in contempt of the Court's explicit Order. Plaintiff suggests that Defendants be allowed to purge the contempt by signing the settlement agreement, which was forwarded to them by Microsoft's counsel in December 2004 and/or by seeking a stay of the order (and posting bond)pursuant to FRCP 62.

Defendants contend that they cannot comply with the Court's Order without prejudicing their pending appeal and that, if they had the opportunity, they would have sought to file

MASLON



an appropriate bond to stay enforcement of the Court's Order. Defendants have apparently refused to comply with the Court's Order on what can only be labeled a mistaken understanding of the governing law. Compliance with the Court's Order would not moot the pending appeal, and if Defendants are sincere in their expressed interest in staying enforcement of the Order, they may do so under FRCP 62(c) if they file a suitable bond.

In order to moot the pending appeal, Defendants would need to take some action that deprived the Eighth Circuit of the opportunity to provide any relief to Defendants were they to prevail. As the Court has explained, its "continued jurisdiction does not depend upon being able to provide complete relief; if there is some means by which we can effectuate a partial remedy, this case remains a live controversy." *In re Security Life Ins. Co. of Am.*, 228 F.3d 865, 870 (8th Cir. 2000). In this case, if Defendants sign the settlement agreement as ordered and then comply with its terms, the Eighth Circuit would remain free to award Defendants a variety of possible relief, including rescission of the settlement agreement and a refund by Microsoft of any payments made by Defendants pursuant to the settlement agreement. The only way in which Defendants' signing of the settlement agreement could moot the pending appeal is if they signed it voluntarily and not in response to this Court's Order, in which case such a settlement would moot the appeal, as would any other settlement of the dispute, and in that case the parties would likely file a joint motion to dismiss the appeal. But compliance with this Court's Order requiring Defendants to sign the settlement agreement will not moot the appeal.

Defendants also seem confused about the nature of the Court's Order, suggesting that it is not an injunction but that is an order for "specific performance." Ion Memo. at 6. The Court's Order is an injunction: it directs Defendants to sign the settlement agreement. But even if one grants Defendants' contention that the Order is for specific performance, it is well established that an order for specific performance is an injunction. *See, e.g.*, DAN D. DOBBS, LAW OF REMEDIES § 2.1(2), at 53 (2d ed. 1993) ("Specific performance is an injunctive order compelling the defendant to perform his contract (not merely to pay damages for breach.)"); *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002) (Posner, J.) (referring to specific performance as "a type of affirmative injunction"). Because the Court's Order is an injunction, Defendants could seek a stay of the Order pending appeal under FRCP 62(c), which provides that when an appeal is taken from an injunction, "the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party."

Defendants have not sought a stay of the Court's Order, nor have they proposed to file a bond to ensure that Microsoft's right to enforce the settlement agreement will not be rendered meaningless by the passage of time. If Defendants now ask that the Court stay enforcement of the Order, Microsoft is amenable to such a stay so long as a suitable bond

is filed, one that ensures Microsoft will, upon the Eighth Circuit's affirmance of this Court's Order, be able to obtain the benefit of the settlement agreement and not be left with an uncollectible right to payment of $300,000.

In summary, then, because this Court expressly directed, in its July 5, 2005, Order, that Defendants take a specific action, which Defendants have refused to do, the Court should find the Defendants in contempt. Defendants may purge that contempt at any time by simply signing the settlement agreement. Alternatively, they may seek a stay of the Court's Order by filing an appropriate bond under Rule 62(c). What they may not do is continue to flout this Court's Order with impunity.

Very truly yours,

Gary J. Haugen

GJH:dlh

cc: Bruce Little
Roy M. Bartlett

436153.v1