LINDQUIST & VENNUM P.L.L.P.

4200 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MN 55402-2274
TELEPHONE: 612-371-3211
FAX: 612-371-3207

IN DENVER:
600 17TH STREET, SUITE 1800 SOUTH
DENVER, CO 80202-5441
TELEPHONE: 303-573-5900
FAX: 303-573-1956

ATTORNEYS AT LAW

www.lindquist.com

BRUCE H. LITTLE
(612) 371-2437
blittle@lindquist.com

January 6, 2006

**VIA ELECTRONIC FILING**
**AND HAND DELIVERY**

The Honorable Joan N. Ericksen
United States District Court
12W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

**Re:** ***Microsoft Corp. v. Ion Technologies Corp. and Paul Martin***
**Court File No. 01-1769 (JNE/SRN)**

Dear Judge Ericksen:

This letter is in response to Plaintiff Microsoft Corporation's letter of January 5, 2006 relating to its Motion for an Order Holding Defendants Ion Technologies Corporation and Paul Martin in Civil Contempt of Court. Although Plaintiff's letter addressed issues outside the parameters of this Court's request, Defendants' will attempt to limit this response to the issues recently raised by the Court. In spite of Plaintiff's contentions, this Court may not use its contempt powers to compel Defendants to either perform or execute the purported settlement agreement.

In its motion, Plaintiff urges this Court to hold Defendants in civil contempt for failing to carry out a purported settlement agreement that was the subject of this Court's July 5, 2005 Order. Plaintiff has moved this Court to hold Defendants in civil contempt because, as it states, Defendants "have failed to fulfill the terms of the settlement, including paying Microsoft $300,000 in installments, and have failed to cease their sale of stand-alone Certificates of Authenticity ("COAs")." Plaintiff's Memorandum at 1. For the record, Defendants deny that they have failed to cease the sale of stand-alone COAs in violation of the recently enacted federal statute prohibiting such sales.

In response to the Court's recent concern, Plaintiff now concedes that a district court "cannot use its contempt powers to enforce a court order which merely acknowledges and approves a settlement." *Gardiner v. A.H. Robins Company, Inc.*, 747 F.2d 1180, 1190 n.13 (8th Cir. 1984); *see International Brotherhood of Electrical Workers v. Hope Electrical Corporation*, 293 F. 3d 409, 418 (8th Cir. 2002). As the July 5, 2005 Order does not incorporate any terms of the purported settlement agreement upon which Plaintiff's motion

relies, to the extent Plaintiff's motion seeks to compel Defendants to act upon those terms, it must be denied.

In its recent letter, Plaintiff has instead recalibrated its argument to assert that the basis for its motion is Defendants' non-execution of the disputed settlement agreement. It argues the above case law does not prohibit this Court from compelling Defendants to sign the documents by using its contempt powers. Plaintiff's argument, however, raises a distinction without a difference. Regardless of its hairsplitting rhetoric, Plaintiff does not want a signature; it wants money. Compelling Defendants through a contempt order to execute a settlement agreement, the terms of which are in dispute and not defined in the Court's Order, places precisely the same burden upon Defendants as if the Court used its contempt powers to compel Defendants to carry out the settlement terms directly. Regardless of Plaintiff's efforts to characterize the execution of the settlement agreement as entirely distinct from the performance of its terms, the act of signing the disputed agreement would place an identical burden upon Defendants and would ultimately cause Defendants to carry out the terms of the agreement.

As this Court noted, Plaintiff recently amended the complaint in its second lawsuit against Defendants to allege breach of contract based upon the purported settlement agreement. Whether compelling execution or performance of the disputed agreement, the Court would be using its contempt powers to force Defendants into taking actions not defined within the July 5, 2005 Order. The use of contempt to compel execution of the purported settlement agreement is therefore prohibited by the law of this circuit. Plaintiff's motion should be denied.

Moreover, Defendants' execution of the purported settlement agreement would in fact moot the issues now before the Court of Appeals. In its letter, Plaintiff also readily concedes that Defendants' voluntary execution of the settlement document would in fact moot the pending appeal. Plaintiff's Letter at 2. As Defendants have properly appealed the July 5, 2005 Order, however, this Court has been divested of its jurisdiction to enforce issues taken on appeal. *See Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996); *Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1065 (11th Cir. 2001); *Donovan v. Mazzola*, 761 F.2d 1411, 1415 (9th Cir. 1985). Therefore, Defendants' execution of the settlement documents in this matter would in fact be a voluntary act with binding and irreparable consequences and would therefore, by Plaintiff's own admission, moot the issues now before the Eighth Circuit.

In conclusion, as the applicable law prohibits the use of contempt in this context and divests this court of jurisdiction to enforce issues taken on appeal, Plaintiff's attempt to urge this Court to use its contempt powers to compel Defendants' to assent to the disputed settlement agreement should be denied. Plaintiff's motion is not supported by the law, and it is duplicative of the relief Plaintiff now seeks through its related breach of contract action.

The precise issue of this purported settlement agreement's validity has been fully briefed and presently awaits oral argument before the Eighth Circuit. Forcing Defendants to execute the agreement at this time would disturb this pending appeal and is legally unsupportable.

Very truly yours,

LINDQUIST & VENNUM P.L.L.P.

Bruce H. Little

BHL/crs